UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:03CR241(JCH) |
| V. | : | |
| GARY AGNEW | : | November 8, 2004 |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The Government submits this memorandum in response to defendant's motion[1] for downward departure, pursuant to U.S.S.G. § 5K2.0, claiming that his case falls outside the heartland of cases considered by the guidelines. The factors cited by the defendant in his motion do not collectively, much less individually, warrant such a departure.

The defendant cites the following basis: 1) his personal history growing up in a single parent household; 2) his history of 54 years without any involvement in the criminal justice system; 3) his service to his country as a member of the armed forces and as a civil servant; and 4) that he was not convicted of faking injuries but suffered from real injuries. While the defendant does not elaborate on either of these factors, he concludes that his age and history of service to this country entitles him to a departure.

---

[1] The Government received defendant's sentencing memoranda on November 5, 2004 at 2:23 p.m., after the Government had forward its sentencing memorandum for filing with the Court.

The Sentencing Guidelines make expressly clear that "[m]ilitary, civic, charitable, or public service . . . and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.11. A "good works" departure is a "discouraged basis for departure." United States v. Gaines, 295 F.3d 293, 303 (2d Cir. 2002). Only if a defendant's conduct was so extraordinary that it falls outside of the heartland of cases covered by the guidelines is a downward departure warranted. See United States v. Rioux, 97 F.3d 648, 663 (2d Cir. 1996); see also Gaines, 295 F.3d at 303.

None of the four grounds relied on by the defendant is extraordinary, whether considered in isolation or in combination. First, the defendant served in the military for approximately 21 months, and this was three decades ago, from March 31, 1972 to December 14, 1973. He was honorably discharged after injuring his knees during Army basic training (slipping and falling on wet grass). While perhaps admirable, this service was not extraordinary. Several Courts of Appeals have reversed downward departures that were based on military service, and those courts did so

where the departure was reviewed under the deferential abuse of discretion standard.

In <u>United States v. Rybicki</u>, 96 F.3d 754, 758 (4th Cir. 1996), the court reversed a departure that the district court had based in part on the fact that the defendant was "a highly decorated Vietnam War veteran who had saved a civilian's life during the My Lai incident and had an unblemished record of 20 years of service to his country, both in the military and in the Secret Service." Similarly, in <u>United States v. Winters</u>, 105 F.3d 200, 209 (5th Cir. 1997), the court reversed a departure for military service where the defendant had earned two purple hearts and had a distinguished service record. <u>See</u> <u>also</u> <u>United States v. Peters</u>, 978 F.2d 166, 170 (5th Cir. 1992) ("We are not persuaded that [the defendant's] military service and receipt of two purple hearts and a distinguished flying cross compel a departure from the sentencing guidelines. The primary focus of the sentencing guidelines is on the crime committed rather than on the individual offender.").

In short, the defendant's military and civil service record does not warrant a downward departure for the defendant's prior military service.

Similarly, his age and personal history do not warrant a departure. First, the defendant has made no showing that his personal circumstances justify an outside of the heartland departure. Being raised by a single parent is not an extraordinary factor. Indeed, the defendant has cited no support for this proposition. Nor is that fact that he is 54 years old and has not been criminally convicted of an offense an extraordinary factor.

With respect to the last factor he cites – that he was not convicted of "faking an injury to collect unwarranted compensation" – this is simply wrong. In fact, he was convicted of misrepresenting his injuries by claiming that the injuries precluded him from working at the United States Postal Service so that he could receive disability compensation.

Finally, the cases cited by the defendant are unavailing. In US v. Rivera, 192 F.3d 81 (2d Cir. 1999), the district court granted a downward departure based on extreme childhood abuse. No such claim has been made here. Similarly, in US v. Rioux, 97 F.3d 648 (2d Cir. 1996), the district court granted a downward departure based on the fact that the defendant had a kidney transplant and that his new kidney was diseased. In addition, the defendant had significantly participated in raising

4

funds for kidney charities. Again, the defendant's claims are not factually similar to the <u>Rioux</u> case.

**CONCLUSION**

For the reasons set forth above, the defendant's motion for downward departure should be denied.

                                  Respectfully submitted,

                                  KEVIN J. O'CONNOR
                                  UNITED STATES ATTORNEY

                                  MARIA A. KAHN
                                  ASSISTANT UNITED STATES ATTORNEY
                                  FEDERAL BAR NUMBER ct06573
                                  United States Attorney's Office
                                  157 Church Street
                                  New Haven, Connecticut 06510
                                  (203) 821-3700

                                  KRISHNA R. PATEL
                                  ASSISTANT UNITED STATES ATTORNEY
                                  FEDERAL BAR NUMBER ct24433
                                  United States Attorney's Office
                                  157 Church Street
                                  New Haven, Connecticut 06510
                                  (203) 821-3700

CERTIFICATION OF SERVICE

This is to certify that the within and foregoing has been sent by fax (without attachments) and federal express, this 8th day of November 2004, to:

Cheryl E. Heffernan, Esq.
Law Office of Cheryl E. Heffernan
2842 Old Dixwell Avenue
Hamden, CT 06518-3100

Joseph Zampano, USPO
United States Probation Office
Room 211
915 Lafayette Blvd.
Bridgeport, Ct.  06604

MARIA A. KAHN
ASSISTANT UNITED STATES ATTORNEY