UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:03CR241(JCH) |
| V. | : | |
| GARY AGNEW | : | April 28, 2005 |

### MOTION FOR POST-*CROSBY* PROCEEDINGS ON REMAND

The Government respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

### I. Procedural History

On March 30, 2004, the defendant, Gary Agnew, was convicted on all 16 counts of the indictment charging him with a scheme to defraud in connection with receiving federal employees compensation in violation of 18 U.S.C. §§ 1341 (mail fraud) and 1920 (federal employees compensation fraud). This Court sentenced the defendant to a term of imprisonment of 21 months, and entered judgment on December 6, 2004. On December 6, 2004, the defendant filed a timely notice of appeal. On April 20, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case, upon request of the Government[1] and consent of the defendant, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

### II. Limited Remands in Light of *Booker* and *Crosby*

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as

---

[1] The Government respectfully disagrees with the Second Circuit's plain-error analysis for substantially the reasons set forth in *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005). Notwithstanding this disagreement, the Government consents to remand in recognition of *Crosby*'s binding authority in this Circuit.

written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at 765-66.

The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*Crosby*, 397 F.3d at 113 (emphasis added). When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section

3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Id.* at 114.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Id.* at 117.  In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, *under the circumstances existing at the time of the original sentence*, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id.*  "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant . . . ." *Id.* at 120.  The defendant should, however, have an "opportunity . . . to avoid resentencing by promptly notifying the district judge that resentencing will not be sought." *Id.* at 118.  "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.* at 120.

In light of *Crosby*, then, the Government respectfully requests that the Court proceed as follows:

(1) Invite written submissions from the parties regarding the initial question of whether the court should have imposed a nontrivially different sentence if it had understood sentencing law as subsequently explained by the Supreme Court in *Booker*, and allow the defendant in such filing to opt out of resentencing; and if the defendant elects to proceed, then:

(2) Determine whether the Court would have imposed a nontrivially different sentence, in light of the advisory guidelines range and the other factors set forth in 18 U.S.C. § 3553(a); if not, the Court should place on the record an "appropriate explanation" for such decision; and

(3) If the Court determines that resentencing is necessary, it should vacate the sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43) and in light of the principles set forth in the Sentencing Reform Act, as well as *Booker* and *Crosby*.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


MARIA A. KAHN
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct06573
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3700
Fax: (203) 773-5373
Maria.Kahn3@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of April, 2005, a true and correct copy of the foregoing Motion was served by first-class mail upon defense counsel:

Joseph W. Martini, Esq.
Pepe & Hazard
30 Jelliff lane
Southport, CT 06890

                                                                         _____
                                                                         Maria A. Kahn
                                                                         Assistant U.S. Attorney