UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:03CR241(JCH) |
| V. | : | |
| GARY AGNEW | : | May 17, 2005 |

## GOVERNMENT'S OPPOSITION
## TO DEFENDANT'S MOTION TO EXTEND SURRENDER DATE

The government opposes the defendant's third request for extension of his surrender date, currently set for May 30, 2005.  Defendant has failed to demonstrate a legitimate basis to further extend his surrender date and his motion should be denied.

The defendant originally filed a motion for extension on February 18, 2005, claiming that due to his wife undergoing a spinal cervical fusion on January 19, 2005, he needed to be home to assist her with daily activities.  The defendant also referenced his pending appeal on *Blakely* issues and possible remand.  While the government did not oppose the initial request for a 30 day extension, as noted in the defendant's motion, the government opposed any additional extensions.  The Court granted the defendant's motion and extended his surrender date to April 15, 2005.

On March 22, 2005, the defendant submitted his second motion for extension of the surrender date based again on his wife's need for assistance with daily activities.  The defendant also noted that the parties had filed a motion for remand for consideration of the need for resentencing in light of the Superme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and the Court of Appeal's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The defendant's motion noted the government's opposition to any further extensions.

The Court granted the motion and extended the defendant's surrender date yet another 30 days to May 30, 2005.

Since the granting of the second motion for extension of the surrender date, the Second Circuit has remanded the case to the District Court for further consideration in light of *Crosby*. On May 6, 2005, the Court ordered the parties to brief the issues relating to Post-Crosby Proceedings on Remand by May 23, 2005.[1] The government intends to file a brief requesting that, for the reasons to be cited in the government's memorandum, the Court determine that it would not have imposed a nontrivially different sentence and that the sentence imposed remain in effect.

Relying on his wife's surgical fusion procedure of approximately four (4) months ago, the defendant seeks yet another 30 day extension of his surrender date. Other than a medical release from employment issued by his wife's doctor, the defendant submits no justification, medical or otherwise, for his claim. The defendant has failed to explain how his wife still needs his assistance for daily activities four months after the medical procedure. Nor has he submitted any medical support for the same. Even assuming his wife still requires assistance with daily activities, he has failed to explain how he is the only available source for such support to his wife. See United States v. Smith, 331 F.3d 292, 294 (2d Cir. 2003) (reversing family circumstances departure where defendant was not the sole care giver or financial supporter of his 2 year old son); see also United States v. Reyes-Rodriguez, 344 F.3d 1071, 1075 (10th Cir. 2003) (departure not warranted where defendant could not establish that the care and support he was to

---

[1] While the Government does not believe a hearing is necessary, if the Court is inclined to have a hearing on the sentencing issue, the Government respectfully requests that it be held prior to May 30th so that the defendant can be directed to surrender on that date.

provide his parents, living in impoverished area of Mexico, was so unique that it could not be provided by siblings).

The defendant's successive requests are simply an attempt to delay his surrender date and his continued denial of acceptance of responsibility. In fact, the Government has learned that the defendant has recently represented to United States Postal Service staff that his sentence will be vacated and/or significantly reduced. His post-conviction claims for back pay, based on the Postal Service's failure to return him to work at a time when he claimed to be totally disabled, is further evidence of the defendant's lack of acceptance of responsibility. The defendant has no valid basis for bond pending appeal[2] and his successive motions for extension of his surrender date are devoid of merit.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY

                              MARIA A. KAHN
                              ASSISTANT UNITED STATES ATTORNEY
                              FEDERAL BAR NUMBER ct06573

                              /s/
                              KRISHNA R. PATEL
                              ASSISTANT UNITED STATES ATTORNEY
                              FEDERAL BAR NUMBER ct24433

---

[2] As the government noted in its Supplemental Sentencing Memorandum, dated December 3, 2004, the defendant has not sought and there is no legitimate basis for bond pending appeal. Apart from a challenge to the sentence imposed under *Blakely*, which has been resolved by the Supreme Court's decision in *Booker*, the defendant has not and cannot identify a single substantial issue of law or fact that is likely to result in reversal. The defendant filed post trial motions raising numerous claims, including sufficiency of the evidence, and those were appropriately denied by this Court. Indeed, the evidence of guilt in this case was overwhelming given the lengthy visual and video surveillance, undercover audio recordings and testimonial evidence.

                                        United States Attorney's Office
                                        157 Church Street
                                        New Haven, Connecticut 06510
                                        (203) 821-3700

## CERTIFICATION OF SERVICE

       This is to certify that the within and foregoing has been sent by fax and mail, this day of May  2005, to:

Cheryl E. Heffernan, Esq.
Law Office of Cheryl E. Heffernan
2842 Old Dixwell Avenue
Hamden, CT 06518-3100

Joseph Zampano, USPO
United States Probation Office
Room 211
915 Lafayette Blvd.
Bridgeport, Ct.  06604

                                         /s/
                                    KRISHNA R. PATEL
                                    ASSISTANT UNITED STATES ATTORNEY