FILED

2005 MAY 23 A 9: 18

U.S. DISTRICT COURT
BRIDGEPORT. CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | CR NO. 3:03 CR 241 (JCH) |
| Plaintiff : | |
| : | |
| GARY AGNEW : | |
| Defendant : | MAY 20, 2005 |

## DEFENDANT'S CROSBY BRIEF

On March 20, 3004, Mr. Agnew was convicted of all 16 counts of the indictment. Applying the United States Sentencing Guidelines strictly, as required at the time, this Court found Mr. Agnew's Guideline base level to be 14 with a 2 level upwards adjustment for Obstruction of Justice under U.S.S.G. § 3C1.1 for a final offense level of 16 which provides for a sentencing range of 21 to 27 months. The Court sentenced Mr. Agnew of 21 months, the minimum permitted by the Guidelines at the time. At the sentencing the defense presented, via memorandum and argument, reasons why Mr. Agnew should be sentenced below the Guideline Level, this Court found that the United States Sentencing Guidelines prohibited the Court from taking the offered reasons into consideration finding that they did not satisfy the parameters of U.S.S.G. § 5K2.0.

Since the date of Sentencing, the United Supreme Court has found that the mandatory nature of the Sentencing Guidelines was unconstitutional. *United States v. Booker*, _____ U.S. _____, 125 S.CT. 738 (2005). The Second Circuit Court of Appeals in *United States v. Crosby*, 397 F.3d 103 (2nd Cir. 2005), held that a case pending on appeal such as Ms. Agnew would be remanded to the Trial court " for the more limited purpose of permitting the sentencing judge to determined *whether*, to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Id* at 117. Accordingly, this Court has requested counsel to submit briefs on "whether the court should have imposed a non trivially different

sentence if it had understood sentencing law as subsequently explained by the Supreme Court in *Booker*..."[1]  Obviously the answer is yes.

The Supreme Court's decision in *United States v. Booker*, ___ U.S. _____, 125 S.CT. 738 (2005), has unshackled the Court from the draconian Sentencing Guidelines. The decision effectively reduces the Guidelines from a mandatory dictation of a sentence to a mere suggestion. *Id* at 738 (Stevens, J. dissenting in part.) Instead the Guidelines are simply now one of the several factors a court should "consider" in determining a sentence. 19 U.S.C § 3553(a)(2).  In effect, *Booker*, has dethroned the Sentencing Guidelines, and re-established section 3553(a) as the Court's benchmark for fashioning a particular sentence. In light of *Booker*, the Court can now give the sentence it deems appropriate without fear that it is running afoul of the Guidelines. *United States v. Crosby*, 397 F.3d 103 (2d. Cir. 2005).

The Guidelines now "are nothing than a suggestion that may or may not be persuasive to a judge when weighed against the numerous other considerations listed in 18 U.S.C.A. § 3553 (a)." *Booker*, 125 S.Ct. at 787 (Stevens, J., dissenting in part). Nothing either in section 553 (a) nor the majority opinions in *Booker* suggest that the Court should give the Guidelines *any* priority over the other factors listed in section 3553(a). *Id.* at 790 (Scalia, J. dissenting in part). Indeed giving the Guidelines any sort of "presumptive" correctness or "weighted" consideration would in effect resurrect them to the level of de facto "mandatory," which obviously runs afoul of *Booker*. *United States v. West*, ___ F.Supop.2d____, 2005 (WL 180930, at (S.D.N.Y. Jan 27, 2005).

While Mr. Agnew's arguments for a reduced sentence under the guidelines carried no weight with this Court under the required mandatory application of the U.S. Sentencing Guidelines, in light of the new parameters on the post-*Booker* world of sentencing, the Court's starting point in it quest for the appropriate sentence in this case is the prefatory clause in section 3553(a) that a sentence must be "sufficient, but not greater than necessary, " to comply with the purposes o sentencing; namely: (1) retribution; (2) deterrence;

---

[1] Government's <u>Motion for Post – *Crosby* Proceedings on Remand</u>, page 4, paragraph (1)

(3) incapacitation; and (4) rehabilitation. 18 U.S.C. § 3553(a). *This* clause is not simply a suggestion, it is the overriding principle that *must* guide the Court's evaluation of the factors for consideration, and ultimately, the Court's determination of a sentence. In short, in determining a sentence a Court must determine what sentence not only accomplishes the articulated purposes of sentencing, but more importantly does not overly punish the defendant, given all the characteristics of the case and the defendant himself. At the time of Mr. Agnew's sentencing the Court was not permitted to do this under the status of the law at that moment in time. Now the Court not only is able to look in to those issues but it must under §3553(a).

The question as posed by the Government and ordered by the Court asks if the "court should have imposed a nontrivially different sentence" under the post *Booker* law. Undersigned counsel is having difficulty understanding the Government's meaning of "nontrivial." When one is speaking about a human being's deprivation of liberty, even one less hour of confinement is nontrivial. Therefore the question should be whether the Court should have imposed a different sentence given the post *Booker* world. The Court was especially prohibited from taking into consideration anything not permitted by the Guidelines, including Mr. Agnew's personal history, the impact any period of incarceration will have on his family, his years of services to this country, how others in Mr. Agnew's shoes were handled differently, ie administratively instead of criminally by the Postal Service, etc. All of these are issues which in the post *Crosby-Booker* world a Court must take into consideration in fashioning the appropriate sentence under U.S.C. § 3553 (a). Not having taken them into consideration due to the restrictions of the Sentencing Guidelines clearly establishes that the Court should have sentenced Mr. Agnew differently. Mr. Agnew should have an opportunity to present to the Court the full picture of himself, his life, and the context of the crime for which he was sentenced.

Additionally, the 2 level upwards adjustment for Obstruction of Justice based on U.S.S.G. § 3C1.1 was clearly applied in violation of Mr. Agnew's constitution right to a jury trial as held in *Booker*. Had the

3

law been clear at the time of sentencing Mr. Agnew would not have received that enhancement and his guideline level would have been 14 with a sentencing range of 15 to 21 months. By considering the other factors mentioned above, this Court would have sentenced Mr. Agnew to a sentence less than what he received by the Court using the required strict application of the United States Sentencing Guidelines.

Wherefore for the foregoing reasons, Mr. Agnew respectfully requests the Court to schedule a resentencing hearing and resentence him under the principles set out in *United States v. Booker*, 125 S.Ct 738 2005) and United States Code § 3553 (s).

Respectfully Submitted,

GARY AGNEW,
The Defendant

BY _____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-230-2500
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid this 20th day of May 2005, to:

Maria Kahn, Esq.
Assistant United States Attorney
PO Box 1824
New Haven, CT  06508

Cheryl E. Heffernan