UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIM NO. 3:03-CR-241(JCH) |
| : | |
| vs. : | |
| : | |
| GARY R. AGNEW : | September 12, 2007 |
| : | |

**RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DOC. NO. 129) AND MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 130)**

Gary Agnew was indicted and convicted on fifteen counts of mail fraud, 18 U.S.C. § 1341, and one count of federal employees compensation fraud, 18 U.S.C. § 1920. He was sentenced on December 6, 2004 to 21 months incarceration and ordered to pay restitution in the amount of $84,403. On January 31, 2005, Agnew filed a Motion to Vacate, Set Aside or Correct the Sentence pursuant to the Supreme Court's decision in Booker. (Doc. No. 129); see United States v. Booker, 543 U.S. 220 (2005). Agnew's original sentence was remanded to this court for resentencing pursuant to Booker by the Second Circuit on May, 13, 2005. See Mandate of USCA (Doc. No. 111). Agnew was resentenced by this court pursuant to Booker on June 13, 2005. See Hearing, (Doc. No. 112). Because Agnew was resentenced pursuant to Booker, his Motion to Vacate, Set Aside or Correct Sentence pursuant to Booker is DENIED as moot.

Agnew now moves the court to appoint him counsel. See Pl.'s Mot. to Appoint Counsel (Doc. No. 130). The district court has broad discretion in considering whether

1

to appoint counsel; however, the Second Circuit has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  Instead, the district court must first require an indigent to "pass the test of likely merit."  Cooper, 877 F.2d at 173-74.  See also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002).  "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Cooper, 877 F.2d at 171; see also Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632 (2d Cir. 2001).  When deciding whether to appoint counsel, the district court must thus "determine whether the indigent's position seems likely to be of substance."  Hodge, 802 F.2d at 61.  Only after assessing the merits of the case, should the court consider the litigant's "competence to proceed pro se, the complexity of the issues," and any other reason why the appointment of counsel would be more likely to lead to a just outcome.  Machadio, 276 F.3d at 108; Carmona, 234 F.3d at 632.

      Before the court is able to undertake this type of analysis, there must first be a complaint or other petition for redress filed.  Though Agnew states in his motion that the "Government failed to grant [his] due process rights to use the system in place to resolve my issues," he has not filed any complaint asserting such a claim.  Id.  Therefore, Agnew's Motion for Appointment of Counsel is DENIED.  Agnew has leave to refile the motion in the event that he commences an action and asserts claim(s).

For the reasons stated above, the Motion for Appointment of Counsel (Doc. No. 130) is DENIED and the Motion to Vacate, Correct or Set Aside the Sentence (Doc. No. 129) is DENIED as moot.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 12th day of September, 2007.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge