UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



UNITED STATES OF AMERICA,
Plaintiff,

Crim. No. 3:03CR241 (JCH)

vs

GARY R. AGNEW,
Defendant,

November 19, 2007

DEFENDANTS ADDITIONAL INFORMATION FOR PENDING APPEAL

To:
The Honorable Janet C. Hall,
United States District Court Judge
For the District of Connecticut
Bridgeport, CT. 06601

Dear Your Honor,

I am sending this additional information in hope of helping with my ongoing appeal process.

The Assistant United States Attorney; Krishna R. Patel, Esq., requested and been granted: 3 extentions. She is incorrect as to this delay not being harmful, as I am no longer incarcerated. I have under gone another total right knee revesion on May 9, 2007 and I am still in the re-hab process.

I truly hope that sending this information will assist helping move this matter along.

With respect to your honor and the court, I truly hope that I have addressed this matter properly.

Thank you for your time and consideration.

Respectfully,

Gary R. Agnew

GARY R. AGNEW  Docket No: 3:03CR0024 (JCH)
81 Lynn Road
Bristol, CT. 06010-4465

RECEIVED
2007 NOV 26  A 5: 45
CHAMBERS ___ C. HALL
U.S. ___

1.

The defendant Gary R. Agnew contends that the greivance procedure adopted for the preference-eligible postal employees by the United States Postal Service and the National Postal Mail Handlers Union (LIUNA) do not violate either the Postal Reorganization Act (PRA) 39 U.S.C. 101 et seq.) or the due process clause of the Fifth Amendment of the Constutition.

2.

The defendant claims he is an employee of the United States Postal Service and a member of the N.P.M.H.U. (union) and a preference eligible employee. The defendant contends that he was discharged from the U.S.P.S. while he was covered by the 2000-2004 National Collective Bargaining Agreement between the U.S.P.S. and the Union. Under Article 16; of the national agreement provided that no employee may be discipline or discharged execpt for just cause as permitted by 39 U.S.C. 1206 (b). Under Article 15; of the national agreement set forth a series of steps in the grievance procedure which could culminate in binding third party arbitration, or through the Civil Service Commission (CSC) appeal to the Merit Systems Protection Board.
The defendant claims that he is a preference-eligible employee defined in 5 U.S.C. 2108(3). Under Title 5 grants specified employment and retention preferences, including the right to appeal to the Civil Service Commission (CSC). These preferences are extended to U.S.P.S. employees meeting the preference-eligible definition by 39 U.S.C. 1005 (a) (2).

3.

The defendant contends that the grievance procedures of the national agreement violated 39 U.S.C. 1001 (b), to his due process clause of the Fifth Amendment. Specifically that he was discharged without a fair hearing to use the grievance procedures in resolving adverse action. Under 39 U.S.C. 1005 (a) (2), gives the defendant who is preference-eligible the right to appeal to the (CSC) for a trial type hearing or to be allowed to use the collective bargaining agreement.

4.

The defendant claims that the Constitutional issue that the District Court held that postal workers, as federal employees have a sufficient property interest in continuing employment to entitle him to his Fifth Amendment protection.
However the defendant claims that he did not have an opportunity to be heard under his due process to be allowed to use the grievance procedure, subsequent to the government proceeding to federal court.

5.

The defendant claims statuary interpretation relying on 39 U.S.C. 1001 (b) that Congress Specifically provided for full-protection of his right to be heard on any adverse action before the U.S.P.S. can proceed to federal district court.

6.

The defendant claims that the legislative history, HR 17070 "Sole Purpose" that the U.S.P.S., and the national unions be required to use the grievance procedures for work related complaints to the terms of condictions of employment, relating to on the job-injury, and false statement to worker's compensation CA-1032 form.

7.

The defendant claims through the Postal Reorganization Act of 1970 (PRA), that he is entitled under his due process to use the national agreement under 39 U.S.C. 1209 (a) or his rights under the Civil Service Reform Act of 1978; 5 U.S.C. 7121 (a) (1) negotiated grievance procedures for work related adverse complaint of whether he filed a false CA-1032; form to the workers compensation department.

However the government uses an alternate Statues 18 U.S.C. 1341 and 18 U.S.C/ 1920 to Supercede and undermine the Postal Reorganization Act of 1970, intent: which is discriminatory to conditions of employment of the national agreement grievance procedure.

8.

The defendant claims if he proceeded to the federal court suit on condictions of employment under the Statues under Title VII, Civil Rights Act of 1964 for discrimination whether he filed a false statement on his CA-1032 form to worker's compensation. The federal courts would have ordered and remanded back to exhaust his administrative remedies of the national agreement.

Cases of reference:

WINSTON vs. UNITED STATES POSTAL SERVICE,
585 F.2d 198, (7th cir.) 1978

BUSH vs. LUCAS
462 U.U. 367 (1983)

U.S. District Court for the District of Rhode Island,
WILLIAM MILLS vs. UNITED STATES POSTAL SERVICE
C.A., No. 96-628L

TERRY L. WHITMAN, pet. Vs. DEPARTMENT of TRANSPORTATION, et. al.
547, U.S.-126S Ct.-164, L.E.d.2d 771, (no. 04-1131).

See: *ATTACHED FEDERAL TIMES ARTICLE:*

This Federal Times Article; (Whitman case) states Whitman did not have any

Administrative Procedures to use.

So he was arguing his Constitutional Rights to proceed to Federal Court, because he had

no grievance procedures. But defendant Gary R. Agnew; case is validating if he (you)

have the grievance procedure you are required to use before proceeding to Federal Court

with a suit.

June 12, 2006   **FEDERAL TIMES** 5

# Supreme Court orders review of complaints process

**By TIM KAUFFMAN**

Can federal employees take work-related complaints to court and, if so, do they first have to exhaust any administrative procedures?

Those are two questions the Supreme Court has instructed a lower court to consider in a case that could have significant implications for federal workers.

In a June 5 ruling, the Supreme Court rejected a lower court's decision that said federal employees covered by collective bargaining agreements can't sue in court because federal courts don't have expressed jurisdiction over those work-related claims.

While it's true the 1978 Civil Service Reform Act doesn't provide a specific role for federal courts in the negotiated grievance process, another statute gives federal courts jurisdiction over all matters related to the Constitution or other U.S. laws, the Supreme Court said.

In its three-page ruling, the high court seems to suggest that federal employees should be able to file workplace complaints in federal court unless they're specifically prohibited from doing so by the 1978 law, which the government concedes they are not. But the court left open the larger question of when employees can go to court and whether they must first exhaust administrative remedies.

"They strongly suggested that ultimately there has to be judicial review. But the question of whether someone should be required to exhaust [other remedies before seeking judicial review] ... the court didn't reach that issue," said California attorney Pamela Karlan, who represented the federal employee in the case at hand.

The case involves Terry Whitman, an air traffic assistant at the Federal Aviation Administration's Anchorage, Alaska, Air Route Traffic Control Center who had been tested by the agency for drug use 14 times between 1996 and 2002. Whitman filed a lawsuit against the government in 2002, claiming the repeated drug tests violated his constitutional rights.

The U.S. District Court for the District of Alaska dismissed Whitman's lawsuit, saying Whitman should have challenged the drug testing under the agency's negotiated grievance procedures. The 9th U.S. Circuit Court of Appeals affirmed the district court's ruling in 2004.

In arguments before the Supreme Court, the government conceded the lower courts erred in holding that federal employees were precluded from going to federal court under the 1978 Civil Service Reform Act. Instead, it argued that Whitman first should have been required to exhaust any applicable administrative procedures before filing his lawsuit.

The 1978 law spells out some instances where employees first must go through administrative procedures before seeking judicial relief.

However, Whitman's case is different because the complaint concerned a violation of constitutional rights, which isn't addressed in the 1978 law, according to Gregory O'Duden, general counsel at the National Treasury Employees Union, which has filed legal arguments on Whitman's behalf.

"Where there is no administrative procedure prescribed by Civil Service Reform Act, the employee has the independent right to take their claims to court without having to file a contractual grievance first," O'Duden said.

The Supreme Court has remanded the case to the appeals court for further review. If the court decides employees are able to file lawsuits directly in federal court without going through administrative channels first, the impact on the court system could be significant, attorneys said.

"It would result conceivably in a tidal wave of personnel disputes being filed in U.S. District Court under the grounds of a violation of constitutional rights," said Joshua Bowers of Washington.

E-mail: tkauffman@federaltimes.com